IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CHAD EDWARD KASTLE | ) | No. C 08-3138 JF (PR) |
| Plaintiff, | ) | ORDER OF DISMISSAL |
| v. | ) | |
| KAREN Y. KIRBY, et al., | ) | |
| Defendants. | ) | |

Plaintiff, a California prisoner proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. He has been granted leave to proceed in forma pauperis. Plaintiff seeks monetary damages to compensate him for allegedly improper prison discipline that resulted in the deprivation of good time credits. Plaintiff's claim is barred under <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994).

**DISCUSSION**

A.   <u>Standard of Review</u>

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such

1  relief. Id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. Balistreri v.
2  Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).
3        To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) a person
4  was acting under the color of state law, and (2) the person committed a violation of a right
5  secured by the Constitution or laws of the United States. West v. Atkins, 487 U.S. 42, 48
6  (1988).
7  B.     Plaintiff's Claim
8        Plaintiff alleges that he visited Dr. Kirby, a prison psychiatrist, to renew his
9  psychiatric medication. Dr. Kirby asserted that plaintiff was under the influence of drugs,
10 and referred plaintiff to prison officials for a urinalysis. Based on a positive test result,
11 plaintiff was disciplined and forfeited 90 days of good time credits. Plaintiff argues that
12 the discipline was unlawful because it was based on confidential information between
13 him and his psychiatrist. Plaintiff seeks monetary compensation from Dr. Kirby and the
14 officials involved in his disciplinary proceedings.
15       In order to recover damages for allegedly unconstitutional conviction or
16 imprisonment, or for other harm caused by actions whose unlawfulness would render a
17 conviction or sentence invalid, a 42 U.S.C. § 1983 plaintiff must prove that the conviction
18 or sentence has been reversed on direct appeal, expunged by executive order, declared
19 invalid by a state tribunal authorized to make such determination, or called into question
20 by a federal court's issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S.
21 477, 486-487 (1994). A claim for damages bearing that relationship to a conviction or
22 sentence that has not been so invalidated is not cognizable under § 1983. Id. at 487.
23       When a state prisoner seeks damages in a § 1983 suit, the district court must
24 therefore consider whether a judgment in favor of the plaintiff would necessarily imply
25 the invalidity of his conviction or sentence; if it would, the complaint must be dismissed
26 unless the plaintiff can demonstrate that the conviction or sentence has already been
27 invalidated. Id. at 487. Heck makes it clear that a § 1983 "cause of action for damages
28 attributable to an unconstitutional conviction or sentence does not accrue until the

Order of Dismissal
G:\PRO-SE\SJ.JF\CR.08\Kastle3138_dismissal.heck.wpd 2

1  conviction or sentence has been invalidated." Id. at 489-90 (footnote omitted).

2  Heck bars a claim of unconstitutional deprivation of time credits because such a
3  claim necessarily calls into question the lawfulness of the plaintiff's continuing
4  confinement, i.e., it implicates the duration of the plaintiff's sentence. See Sheldon v.
5  Hundley, 83 F.3d 231, 233 (8th Cir. 1996). Heck claims challenging a disciplinary
6  decision that resulted in the deprivation of time credits if "the nature of the challenge" is
7  "such as necessarily to imply the invalidity of the judgment." Edwards v. Balisok, 520
8  U.S. 641, 645 (1997). If plaintiff's claim – that defendants improperly disciplined him
9  based on confidential information – were successful, this would necessarily imply the
10 invalidity of the discipline and consequent loss of good time credits. As such, plaintiff's
11 claim implicates the duration of his confinement and is barred by Heck. Plaintiff's
12 complaint is DISMISSED without prejudice to Plaintiff's filing a new complaint if the
13 challenged disciplinary findings are later invalidated. See Trimble v. City of Santa Rosa,
14 49 F.3d 583, 585 (9th Cir. 1995) (claim barred by Heck may be dismissed sua sponte
15 without prejudice under 28 U.S.C. §1915).

**CONCLUSION**

Plaintiff's complaint is hereby DISMISSED without prejudice for failure to state a cognizable claim for relief under 42 U.S.C. § 1983.

The Clerk shall terminate all pending motions and close the file.

IT IS SO ORDERED.

DATED: 8/21/08

JEREMY FOGEL
United States District Judge

Order of Dismissal
G:\PRO-SE\SJ.JF\CR.08\Kastle3138_dismissal.heck.wpd  3